Filed 11/13/14  P. v. McKenry CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F067660 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. F13903231) |
| MATTHEW ALEXANDER McKENRY, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

Carol L. Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*       Before Gomes, Acting P.J., Detjen, J. and Franson, J.

## STATEMENT OF THE CASE

On April 11, 2013, Matthew Alexander McKenry (defendant) was charged by complaint with possession of a firearm by a felon (Pen. Code,[1] § 29800, subd. (a)(1); count 1), possession of ammunition by a person prohibited from owning a firearm (§ 30305, subd. (a); count 2), carrying a concealed firearm on his person (§ 25400, subd. (a)(2); count 3), possession of methamphetamine while armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1, subd. (a); count 4), possession of a firearm with identification numbers removed (§ 23920; count 5), and possession of a switchblade in a vehicle (§ 21510, subd. (a); count 6). It was further alleged he had served two prior prison terms. (§ 667.5, subd. (b).)

On April 24, 2013, the parties entered into a plea agreement covering two cases, Nos. F13902897 and F13903231. It was agreed defendant would receive a maximum term of three years in the latter case, with sentences in the two cases to run concurrently.[2] Defendant waived his right to a preliminary hearing, and his constitutional rights pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122. The court advised defendant of the consequences of an admission of guilt. Defendant pled no contest to count 1 and admitted serving two prior prison terms. The parties stipulated that if the court were to review the police reports, it would conclude there was a factual basis for the plea pursuant to *People v. West* (1970) 3 Cal.3d 595. The court found a knowing, intelligent, and voluntary waiver of rights and no contest plea. It found defendant guilty based on his plea, and dismissed the remaining counts and struck the section 667.5, subdivision (b) allegations on motion of the prosecutor, reserving to the People the right to comment thereon.

---

[1]     All statutory references are to the Penal Code unless otherwise stated.

[2]     Only case No. F13903231 is included in the notice of appeal. Accordingly, we do not further discuss No. F13902897.

On June 17, 2013, defendant was sentenced to a concurrent upper term of three years, with the upper term being imposed due to defendant's prior conviction. Defendant was ordered to pay a $980 restitution fine pursuant to section 1202.4, a $40 court operation assessment fee pursuant to section 1465.8, and a $30 criminal conviction assessment fee pursuant to Government Code section 70373.[3] He was found not to have the present ability to pay for the services of appointed counsel, and was ordered to provide a DNA sample pursuant to section 296. Defendant was awarded total time credits of 137 days. He filed a timely notice of appeal, and his request for a certificate of probable cause was granted.

## FACTS[4]

At approximately 11:50 p.m. on April 9, 2013, patrol officers initiated a traffic stop on a vehicle in which defendant was the passenger. Officers discovered defendant was in possession of a switchblade knife. After defendant was handcuffed, officers discovered a semiautomatic firearm, its serial numbers destroyed, tucked inside the front of defendant's beltline. They located four live rounds of ammunition in his jacket pocket, and a small baggie of methamphetamine in his pants pocket. Defendant was previously convicted of a felony in 2005 and 2011, both in Fresno County Superior Court.

## APPELLATE COURT REVIEW

Defendant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel stating defendant was advised he could file

---

[3]     A restitution fine of $980 was also imposed pursuant to section 1202.45, but was suspended pending revocation of parole.

[4]     The circumstances of the offense are derived from the probation officer's report.

his own brief with this court.  By letter dated October 21, 2013, we invited defendant to submit additional briefing.  To date, he has not done so.

After independent review of the record, we conclude there are no reasonably arguable legal or factual issues.**5**

## **DISPOSITION**

The judgment is affirmed.

---

**5**     In his request for a certificate of probable cause, defendant claimed he was improperly excluded from "AB-109," which we interpret to mean sentencing pursuant to subdivision (h) of section 1170.  Although defendant correctly noted he himself was not excluded from such sentencing (see § 1170, subd. (h)(3)), section 29800, subdivision (a)(1), the statute he was convicted of violating, requires commitment to state prison.

Defendant also asserted count 4, a purported violation of Health and Safety Code section 11378, was dismissed but was still used, improperly, as a principal or subordinate term.  The record does not support this claim.